BROWN, Chief Judge.
 

 11 Appellant, Kasey Robert Hartman, the ex-spouse of a judgment debtor, appeals from an order authorizing the seizure/garnishment of his salary in favor of appellee, Ticos, L.L.C. (“Ticos”). For the following reasons, the order of the trial court, dated April 28, 2008, is vacated.
 

 Facts and Procedural Background
 

 Rachel K. Hartman and Kasey Robert Hartman were married on April 28, 2001. They did not have a separate property agreement. On December 5, 2007, Ticos filed suit against Rachel seeking to make a judgment from the Shreveport City Court, dated October 6, 2007, executory in the First Judicial District Court. The district court made the judgment executory on December 6, 2007. The original debt sued upon in Shreveport City Court involved a revolving credit account in the name of Rachel Hartman. Kasey Robert Hartman was neither named as a defendant nor served with process in the city court proceedings.
 

 On December 20, 2007, Ticos filed a motion to enforce the judgment against the community property of the Hartmans, wherein Kasey was made a defendant in rule. This motion was not heard until April 28, 2008. In the meantime, on January 10, 2008, Rachel filed for divorce, alleging that the parties had lived separate and apart in excess of one year. Judgment was rendered on February 11, 2008, granting the parties’ divorce retroactive to the filing date.
 

 On April 28, 2008, the trial court granted Ticos’ motion to enforce its judgment against the community property and authorized the seizure/garnishment of Kasey’s salary.
 

 \ ¿Discussion
 

 The legal regime of community property is terminated by, among other things, a judgment of divorce. La. C.C. art. 2356. An obligation incurred by a spouse before or during the community property regime
 
 *974
 
 may be satisfied after termination of the regime from the property of the former community and from the separate property of the spouse who incurred the obligation. La. C.C. art. 2357.
 

 Clearly, the community property regime existing between Rachel and Kasey Hartman was terminated by the divorce retroactive to the date of filing, January 10, 2008. The trial court’s order authorizing the seizure/garnishment of Kasey’s salary occurred after the community regime had ended. At that time Kasey’s salary was his separate property. Accordingly, we find that since Kasey did not incur the obligation at issue, his separate property cannot be seized to satisfy that obligation.
 
 [1]
 

 Conclusion
 

 For the reasons stated above, the judgment of the trial court authorizing the seizure/garnishment of Kasey Robert Hartman’s salary is hereby vacated. Costs are assessed to Ticos, L.L.C., as Assignee of First USA Bank.
 

 [1]
 

 . We note that in its appellate brief, Ticos conceded the fact that the community was dissolved prior to the April 28, 2008, order. After acknowledging this, Ticos filed a motion to vacate with the trial court. However, since a timely filed order of appeal had already been granted, the jurisdiction of the trial court had been divested. See La. C.C.P. art. 2088.